**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL MCPHERSON,<br>aka Makal B. Makfarsan,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL GOVERNMENT, et al.,<br><br>　　　　　　Defendants. | Case No. 1:26-cv-1022 KES SAB<br><br>ORDER DISMISSING ACTION AS FRIVOLOUS, DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, TERMINATING FINDINGS AND RECOMMENDATIONS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 2, 10 |

Michael McPherson, also known as Makal B. Makfarsan, seeks to proceed in forma pauperis in this civil action.  Plaintiff names the "Federal Government" and Rob Bonta, Attorney General of California, as the defendants, and seeks to hold them liable for unspecified "human rights violations."  *Id.* at 1-2, 5-8.  For the reasons set forth below, the Court finds the complaint is frivolous and the action is **DISMISSED** with prejudice.

**I.      SCREENING**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1

Moreover, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that … the action or appeal … fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARDS

A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a); *see also Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

The purpose of a complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Supreme Court explained that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and a complaint is insufficient if it offers "naked assertions devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court noted:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted).

## III.    ALLEGATIONS

Plaintiff names the Federal Government and the California Attorney General as the defendants in this action  Doc. 1 at 1-2.  Plaintiff asserts that he is God and that the Federal Government violates his holy law and interferes with his worship.  *Id.* at 8.  Plaintiff contends the

2

defendants have no rights to keep him in prison and appears to seek declaratory relief. *See id.* at 11.

## IV.   DISCUSSION AND ANALYSIS

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). The Court may . . . dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, 2021 WL 3602139, at *1 (E.D. Cal. Aug. 13, 2021) (citing *Neitzke*, 490 U.S. at 327). A review of Plaintiff's complaint establishes that it contains fantastical claims. Although much of it is illegible, it appears that Plaintiff asserts he is God, disagrees with various laws, and asserts the Government lacks authority to keep him incarcerated given his status as God. The complaint lacks an arguable basis in law or fact.

To the extent Plaintiff's claim for human rights violations is based upon a sovereign citizen ideology—as he refers to himself as God—courts have rejected arguments premised on such ideology as frivolous and meritless. *See, e.g., United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (rejecting arguments premised on sovereign ideology as "utterly meritless"); *United States v. Sterling*, 738 F.3d 228, 233, n.1 (11th Cir. 2013) (noting courts "summarily reject[]" as frivolous the legal theory of individuals who consider themselves sovereign and not subject to the jurisdiction of the courts); *United States v. Benabe*, 654 F.3d 753, 761 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented"); *see also Mackey v. Bureau of Prisons*, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016).

## V.   CONCLUSION AND ORDER

As the complaint is frivolous, dismissal without leave to amend is appropriate. *Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). Where, as here, the complaint is frivolous, the "district court may deny leave to

proceed in forma pauperis at the outset." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).  Thus, the Court also denies Plaintiff's application to proceed in forma pauperis.

The Court **ORDERS**:

1.    Plaintiff's complaint is **DISMISSED** without leave to amend as frivolous.

2.    Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **DENIED**.

3.    The findings and recommendations dated March 9, 2026 (Doc. 10) are terminated as **MOOT**.

4.    The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:    April 6, 2026

UNITED STATES DISTRICT JUDGE

4